

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed November 7, 2005

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> AMERICAN HEARTLAND SAGEBRUSH § <br> SECURITIES INVESTMENTS, INC., AKA § <br> SAGEBRUSH SECURITIES & FINANCIAL §    CASE NO. 05-50761-RLJ-11 <br> SERVICES, INC., AKA SAGEBRUSH § <br> SECURITIES, AMERICAN HEARTLAND, § <br> INC. § <br> § <br> DEBTOR § | |

## MEMORANDUM OPINION

Before the Court are three motions to dismiss, one filed by James Cathey, Rhonda Cathey, and Morris A. Turner, one by Leasa Taylor, and one by Catherine Kimbell. The moving parties contend the debtor American Heartland Sagebrush Securities, Inc., aka Sagebrush Securities & Financial Services, Inc., aka Sagebrush Securities, American Heartland, Inc. is not an eligible debtor, thereby depriving the Court of jurisdiction and mandating dismissal. This case was filed by a court-appointed receiver, Walter O'Cheskey, who contends the debtor is an eligible debtor

under the Bankruptcy Code.

This Court has jurisdiction to consider its own jurisdiction and thus whether the debtor is an eligible debtor under the Bankruptcy Code. *See Cargill Ferrous Intern. v. Sea Phoenix MV*, 325 F.3d 695 (5th Cir. 2003); 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Statement of Facts

On June 21, 2005, Walter O'Cheskey, Receiver,[1] filed a chapter 11 proceeding for American Heartland Sagebrush Securities Investments, Inc. The voluntary petition states that the type of debtor is a receivership (as opposed to an individual, corporation, or partnership). O'Cheskey signed the petition under the block for the signature of a corporate or partnership debtor, although he designated himself as receiver. On the same date, O'Cheskey signed and filed with the Court a statement stating that he is receiver for the company American Heartland Sagebrush Securities Investments, Inc. and that he had been authorized to file the petition by the United States District Court for the Northern District of Texas.

O'Cheskey's authority to file the petition arises initially from the order of the United States District Court entered April 14, 2005, in the case of *Securities and Exchange Commission, Plaintiff, vs. Philip D. Phillips, individually and doing business as American Heartland Sagebrush Securities Investments, Inc., and Sagebrush Securities, American Heartland, Inc., Defendant, and Kirby J. Curry, Defendant Solely for Purposes of Equitable Relief*, case number 2-05CV-107-J (the "SEC Action"). The District Court's order appointed O'Cheskey as "Receiver for Defendant Philip D. Phillips, individually and doing business as American Heartland

---

[1] Walter O'Cheskey will sometimes be referred to simply as "O'Cheskey" or the "Receiver."

Sagebrush Securities Investments Inc. and Sagebrush Securities, American Heartland, Inc."

On June 10, 2005, O'Cheskey, as Receiver, filed in the SEC Action his motion seeking an expedited hearing to consider both his preliminary and amended report and recommendations which had been filed with the District Court on May 3, 2005, and June 10, 2005, respectively. By the motion, and specifically the amended report and recommendations, O'Cheskey recommended that he be given authority to "place Sagebrush Securities in bankruptcy in order to pursue recovery of certain preference payments."[2] The District Court conducted a hearing on June 20, 2005, and issued its order authorizing O'Cheskey, as Receiver, to place "Defendant Sagebrush Securities" in bankruptcy to thereby permit the Receiver to recover outstanding preference payments. The Court's order notes that "[c]ounsel for interested persons Mr. and Mrs. Cathy and M. A. Turner opposed the recommendation."

In the SEC Action, the Securities and Exchange Commission (the "SEC") alleges that Philip D. Phillips ("Phillips") conducted a fraudulent investment scheme through American Heartland Sagebrush Securities Investments, Inc. and Sagebrush Securities, American Heartland, Inc., which entities, according to the SEC's complaint, are "mere d/b/a's created and controlled by Phillips, who fraudulently depicts them as registered broker-dealers."

The Receiver's preliminary report recites that approximately $390,409.86 in payments were made by "Sagebrush Securities" to certain investors after the SEC investigation began and before an injunction had been entered by the District Court. The Receiver characterizes these

---

[2] The April 14, 2005 Order Appointing Receiver directed O'Cheskey, as Receiver, to recommend to the District Court whether "in his opinion, based on his initial investigation, claims against Defendant . . . should be adjudged in the Bankruptcy Court . . . . [T]his Court will determine whether to accept the Receiver's recommendation and, if appropriate, issue an order authorizing the Receiver to commence a bankruptcy proceeding."

payments as "preference" payments.[3] The preliminary report, consistent with O'Cheskey's testimony at hearing before this Court, states further that, in an effort to minimize the cost to the receivership and thus increase the dividend to investors, he did not recommend asking the District Court to authorize a bankruptcy filing. He instead sent demand letters to recipients of the so-called preference payments in an effort to recover the payments without the cost of litigation. The demands were sent to six recipients of payments. One investor returned the funds, the others did not.

As reflected in the amended report and recommendation filed June 10, 2005, the Receiver changed his mind concerning a bankruptcy filing. In the amended report, the Receiver estimates that a return of approximately 53% can be made to all investors if the funds are returned to the receivership. If they are not returned, the Receiver estimates that the remaining investors will receive approximately 29%, while the investors receiving the preference payments will have received the majority of their investment. The Receiver therefore specifically requested that the District Court "authorize the Receiver to place *Sagebrush Securities* in bankruptcy to recover the remaining outstanding preference payments before that opportunity is lost." (Emphasis added.) There was some urgency to the Receiver's request as the relevant time frame for preference payments, ninety days prior to the filing of the bankruptcy petition, would have run on approximately June 24, 2005.[4] Hence the present bankruptcy case was filed.

On July 25, 2005, American Heartland Sagebrush Securities Investments, Inc., debtor-in-

---

[3]Preference payments are generally considered as payments made to a creditor on account of an antecedent debt within ninety days of a bankruptcy filing of the party, *i.e.*, a debtor, making the payment. 11 U.S.C. § 547.

[4]See note 3.

possession, acting through "Walter O'Cheskey, Receiver," filed its motion to amend the bankruptcy petition filed June 21, 2005, to add other names for the debtor, specifically "Sagebrush Securities & Financial Services, Inc." and "Sagebrush Securities, American Heartland, Inc." Phillips apparently operated under all three names and used the same tax payer identification number of 75-2173880 in carrying on business operations under the three names. This Court approved the amendment to the petition to add the additional names by order signed August 1, 2005.

The alleged preference payments derive from checks drawn on an account held in the name of Sagebrush Securities & Financial Services, Inc. at FirstBank Southwest. The date, check number, payee, and amount are set forth in the following chart:

| Date | Check | Payee | Amount |
|---|---|---|---|
| 03-22-2005 | 6344 | Nancy Austin | $ 982.50 |
| 03-27-2005 | 6347 | M.A. Turner | $ 80,000.00 |
| 04-01-2005 | 6351 | Catherine Kimbell | $ 1,026.10 |
| 04-04-2005 | 6354 | Rhonda Cathey | $ 41,519.11 |
| 04-06-2005 | 6352 | Catherine Kimbell | $151,000.00 |
| 04-06-2005 | 6353 | Leasa Taylor | $ 88,199.00 |
| 04-07-2005 | 6355 | Rhonda Cathey | $ 1,650.00 |
| 04-07-2005 | 6357 | Bob Snow | $ 26,000.00 |

Of the three names, Sagebrush Securities & Financial Services, Inc. was the only actually formed Texas corporation. The articles of incorporation for this named entity were filed with the

Secretary of State of Texas on May 26, 1987. No corporation was ever formed under the names of American Heartland Sagebrush Securities Investments, Inc. or Sagebrush Securities, American Heartland, Inc. On August 8, 1995, the Secretary of the State of Texas forfeited the charter of Sagebrush Securities & Financial Services, Inc. as the Comptroller of Public Accounts had previously certified that the corporation had failed to file its franchise tax report thereby forfeiting its right to do business, and had failed to revive its right to do business. As discussed below, the forfeiture by the Secretary of State effected a dissolution of the corporation under Texas state law. Despite the forfeiture and dissolution, Sagebrush Securities & Financial Services, Inc. filed tax returns for years ending 2001, 2002, 2003, and 2004.[5] The tax returns reflect the realization of income from operations as a broker of securities. The schedules attached to the tax returns recite that 40% of the outstanding stock is owned by Philip D. Phillips, 30% owned by John O'Brien, 10% owned by Vera Stephenson, and two additional 10% ownership interests held by "Sagebrush Agency - IRA." The corporation's tax id number is designated as 75-2173880.

## Discussion

The issue before the Court is whether the named debtor is an eligible debtor under the Bankruptcy Code.[6] The Court must first identify the actual debtor before the Court. As the Receiver's authority is derived from the District Court's orders issued April 14, 2005, and June 20, 2005, in the SEC Action, the Court looks first to the identity of the parties in the SEC Action. The actual named defendants are Philip D. Phillips and Kirby J. Curry. The April 14, 2005, order

---

[5] Or perhaps it's more accurately stated that returns were filed under the name of Sagebrush Securities & Financial Services, Inc.

[6] Another issue raised is whether Walter O'Cheskey, as receiver, had authority to file bankruptcy for Sagebrush. In this regard, the Court is satisfied that the District Court's June 20, 2005 order grants such authority to the Receiver.

is quite broad, granting O'Cheskey with full power and authority to take control of all assets of the defendant Philip D. Phillips. This would include Phillips's interests in any corporations, partnerships, or other entities. The June 20, 2005, order then authorizes the Receiver to place "Defendant Sagebrush Securities" in bankruptcy to recover the alleged preference payments. As noted, the alleged preference payments were drawn on checks from the account held in the name of Sagebrush Securities & Financial Services, Inc., which is the name used by the one entity that was an actual incorporated entity under Texas law. The District Court's order, by referring to *Defendant* Sagebrush Securities, could perhaps be construed to mean the Receiver was authorized to file a bankruptcy for the named defendant in the SEC Action, Philip D. Phillips. The Court does not so construe the District Court's order, however. This Court considers the District Court's order to mean the Receiver had authority over all of Phillips's assets, including any assets ostensibly held under any name he may have used. The June 20, 2005, order, in this Court's view, specifically authorized the Receiver to place any such named entity in bankruptcy. This Court is unaware of any theory under which a court-appointed receiver can place an individual in bankruptcy, either voluntarily or involuntarily. Indeed, the Receiver here contends that Sagebrush Securities & Financial Services, Inc. is the proper entity in bankruptcy and, further, asserts such entity is an eligible debtor despite having been dissolved under Texas state law. The Court, therefore, considers the dissolved corporation Sagebrush Securities & Financial Services, Inc. as the alleged debtor before the Court. Having cleared this hurdle, the analysis is straightforward and the Court will hereinafter refer to the debtor Sagebrush Securities & Financial Services, Inc. as "Sagebrush."

Under section 109 of the Bankruptcy Code, a "person" may be a debtor under chapter 7

or 11 of the Bankruptcy Code. A person is defined to include an individual, partnership, or corporation. 11 U.S.C. § 101(41). The Code further states that a corporation includes:

> (i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;
> (ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;
> (iii) joint-stock company;
> (iv) unincorporated company or association; or
> (v) business trust

11 U.S.C. 101(9).

The Court must look to Texas state law to determine Sagebrush's present status. *In re A Car Rental, Inc.*, 166 B.R. 869 (Bankr. S.D. Tex. 1993). Sagebrush was deemed a dissolved corporation upon forfeiture of its charter by the Secretary of the State of Texas. Tex. Bus. Corp. Act Ann. art. 7.12(f) (Vernon 2003); Tex. Tax Code Ann. §§ 171.302, 171.309 (Vernon 2002). A prior decision from the Northern District of Texas (the Honorable Robert C. McGuire presiding) construed the interplay between the Texas Tax Code and the Texas Business Corporation Act and held that a dissolved corporation may file a chapter 7 liquidation proceeding for a period of three years after dissolution. *In re ABZ Ins. Serv., Inc.*, 245 B.R. 255 (Bankr. N.D. Tex. 2000). The three year period is based on the Texas Business Corporation Act's provision providing for a dissolved corporation's continued existence for limited purposes for three years from the date of dissolution. *Id.* at 259. One of the allowed purposes is the liquidation and distribution of assets, as is contemplated by a chapter 7 filing. *Id*. In addition, the court in *ABZ* reviewed the various authorities that conclude that, if the three year period expires before filing bankruptcy, the purported corporate debtor ceases to be a person within the meaning

of section 109 of the Bankruptcy Code eligible to file bankruptcy. *Id.* at 260.[7] While this Court has searched long and hard for contrary authority, it found none. The principle is well settled in the law.

O'Cheskey, the Receiver, argued in the alternative that Sagebrush somehow became an "unincorporated association." The Court disagrees. Sagebrush is a dissolved corporation. "An unincorporated association is a voluntary group of persons, without a charter, formed by a mutual consent for the purpose of promoting a common enterprise or prosecuting a common objective." *Cox v. Thee Evergreen Church*, 836 S.W.2d 167, 169 (Tex. 1992). The Supreme Court went on to lament in *Cox* "[u]nincorporated associations long have been a problem for the law. They are analogous to partnerships, and yet not partnerships; *analogous to corporations, and yet not corporations*; . . ." *Id.* at 170 (emphasis added).

### Conclusion

The Court appreciates the Receiver's desire to recover preference payments to effect a more equitable distribution to all the investors. But the Court is bound within the parameters of the Code and, in this instance, the statutory laws of the State of Texas. Sagebrush is not an eligible debtor and this case must be dismissed.

### End of Memorandum Opinion###

---

[7] Judge McGuire referred to *In re A Car Rental, Inc.*, 166 B.R. 869, the annotations to article 7.01 of the Texas Business Corporation Act, and American Jurisprudence at 9 Am. Jur. 2d Bankruptcy § 35 (Supp. 1999).